UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JASON ROMAN, FAIZA AHMAD,
MOHAMMAD N. ALTAF, and ALIS TAVERAS,
individually and on behalf of others similarly situated,

        Plaintiffs,

v.

CAVALRY SPV I, LLC/CAVALRY PORTFOLIO
SERVICES, LLC/CAVALRY INVESTMENTS, LLC,

        Defendant.
_____/

**CLASS ACTION COMPLAINT**

Docket No.: 21cv4477
Jury Trial Demanded: Yes

Plaintiffs, Jason Roman, Faiza Ahmad, Mohammad N. Altaf, and Alis Taveras, individually and on behalf of others similarly situated ("Plaintiffs"), by and through their attorney, Subhan Tariq, Esq., as and for their Complaint against Defendant, Cavalry SPV I, LLC/Cavalry Portfolio Services, LLC/Cavalry Investments, LLC, (hereinafter referred to as "Defendant"), respectfully set forth, complain and allege, upon information and belief, the following:

**PARTIES**

1. Plaintiff Jason Roman is a resident of State of New York and currently resides at Brooklyn, NY 11207.

2. Plaintiff Faiza Ahmad is a resident of State of New York and currently resides at Cheektowaga, NY 14206.

3. Plaintiff Mohammad N. Altaf is a resident of State of New York and currently resides at Selden, NY 11784.

1

4. Plaintiff Alis Taveras is a resident of State of New York and currently resides at Dixhills, NY 11746.

5. Defendant Cavalry SPV I, LLC/Cavalry Portfolio Services, LLC/Cavalry Investments, LLC is a company engaged in the business of collecting debts with a principal place of business located at 500 Summit Lake Dr, Suite 400, Valhalla, NY 10595.

6. Plaintiffs are all a "consumer" as defined by the FDCPA, 15 USC § 1692a(3).

7. Defendant is a "debt collector" as defined and used in the FDCPA under 15 USC § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiffs repeat, reiterate, and incorporate the allegations contained in all preceding paragraphs of this Complaint with the same force and effect as if the same were fully set forth at length herein.

*Jason Roman*

9. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from Plaintiff.

10. On February 23, 2021, Plaintiff ran his Experian credit report and noticed that Defendant was reporting an account on his Experian credit report.

11. As a result, Plaintiff sent a cease and desist letter, dated February 23, 2021, to Defendant. *See* **Exhibit A**.

12. In the above-referenced cease and desist letter, Plaintiff explicitly stated: "This is not my account. I do not owe you any money. Please do no call me or have any of your affiliates call me and please do not send me any type of documentation regarding this account.

> Therefore this is a complete cease and desist for you and any other creditors that you will try assign to collecting on this account." *Id.*

13. Plaintiff's cease and desist letter was sent to Defendant via certified mail. *See* **Exhibit B**.

14. According to USPS, Defendant received Plaintiff's cease and desist letter on March 5, 2021. *See* **Exhibit C**.

15. However, Plaintiff received a debt collection letter, dated March 6, 2021, from Defendant. *See* **Exhibit D**.

*Faiza Ahmad*

16. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from Plaintiff.

17. On December 1, 2020, Plaintiff ran her Experian credit report and noticed that Defendant was reporting an account on her Experian credit report.

18. As a result, Plaintiff sent a cease and desist letter, dated February 2, 2021, to Defendant. *See* **Exhibit E**.

19. In the above-referenced cease and desist letter, Plaintiff explicitly stated: "This is not my account. I do not owe you any money. Please do no call me or have any of your affiliates call me and please do not send me any type of documentation regarding this account. Therefore this is a complete cease and desist for you and any other creditors that you will try assign to collecting on this account." *Id.*

20. Plaintiff's cease and desist letter was sent to Defendant via certified mail. *See* **Exhibit F**.

21. According to USPS, Defendant received Plaintiff's cease and desist letter on February 12, 2021. *See* **Exhibit G**.

22. However, Plaintiff received a debt collection letter, dated February 19, 2021, from Defendant. *See* **Exhibit H**.

*Mohammad N. Altaf*

23. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from Plaintiff.

24. On April 5, 2021, Plaintiff ran his Experian credit report and noticed that Defendant was reporting an account on his Experian credit report.

25. As a result, Plaintiff sent a cease and desist letter, dated April 7, 2021, to Defendant. *See* **Exhibit I**.

26. In the above-referenced cease and desist letter, Plaintiff explicitly stated: "These are not my accounts. I do not owe you any money. Please do no call me or have any of your affiliates call me and please do not send me any type of documentation regarding these accounts. Therefore this is a complete cease and desist for you and any other creditors that you will try assign to collecting on these accounts." *Id*.

27. Plaintiff's cease and desist letter was sent to Defendant via certified mail. *See* **Exhibit J**.

28. According to USPS, Defendant received Plaintiff's cease and desist letter on April 14, 2021. *See* **Exhibit K**.

29. However, Plaintiff received a debt collection letter, dated April 16, 2021, from Defendant. *See* **Exhibit L**.

*Alis Taveras*

30. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from Plaintiff.

31. Plaintiff received a debt collection letter, dated December 24, 2020, from Defendant. *See* **Exhibit M**.

32. As a result, Plaintiff sent a cease and desist letter, dated January 12, 2021, to Defendant. *See* **Exhibit N**.

33. In the above-referenced cease and desist letter, Plaintiff explicitly stated: "This is not my account. I do not owe you any money. Please do no call me or have any of your affiliates call me and please do not send me any type of documentation regarding this account. Therefore this is a complete cease and desist for you and any other creditors that you will try assign to collecting on this account." *Id*.

34. Plaintiff's cease and desist letter was sent to Defendant via certified mail. *See* **Exhibit O**.

35. According to USPS, Defendant received Plaintiff's cease and desist letter on January 25, 2021. *See* **Exhibit P**.

36. However, Plaintiff received a debt collection letter, dated January 27, 2021, from Defendant. *See* **Exhibit Q**.

37. These are clearly tactics to misinform, mislead, or deceive consumers about the nature and status of their account so as to assist Defendant in its goal of collecting on debt from these consumers.

## CLASS ALLEGATIONS

38. Plaintiffs brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), on behalf of themselves and all persons/consumers, along with their successors-in-interest, who have received similar letters/communications from Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiffs' Complaint (the "Class"). Excluded from the Class is Defendant herein, and any person,

firm, trust, corporation, or other entity related to or affiliated with Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant. Upon information and belief, hundreds of persons have received letters/communications from Defendant, which violate various provisions of the FDCPA.

39. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf it attempts to collect debts.

40. Excluded from Plaintiff Class is Defendant and all officers, members, partners, managers, directors, and employees of Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

41. There are questions of law and fact common to Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether Defendant's written communications to consumers violate 15 U.S.C. § 1692c(c), 1692d – preface, 1692e, and 1692f.

42. Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

43. Plaintiffs will fairly and adequately protect the interests of Plaintiff Class defined in this Complaint. Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither Plaintiffs nor Plaintiffs' attorneys have any interests, which might cause them not to vigorously pursue this action.

44. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

A. **Numerosity:** Plaintiffs are informed and believe, and on that basis allege, that Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

B. **Common Questions Predominate:** Common questions of law and fact exist as to all members of Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether Defendant's written communications to consumers violate 15 U.S.C. § 1692c(c), 1692d – preface, 1692e, and 1692f.

C. **Typicality:** Plaintiffs' claims are typical of the claims of the class members. Plaintiffs and all members of Plaintiff Class have claims arising out of Defendant's common uniform course of conduct complained of herein.

D. **Adequacy:** Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiffs nor Plaintiffs' counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

E. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a

      single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

45. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

46. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## CAUSES OF ACTION

## FIRST COUNT

*Individually and on behalf of all others similarly situated*
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692c(c)**

47. Plaintiffs repeat, reiterate, and incorporate the allegations contained in all preceding paragraphs of this Complaint with the same force and effect as if the same were fully set forth at length herein.

48. 15 U.S.C. § 1692c(c) prohibits a debt collector from communication after notification that the consumer refuses to pay the debt or that the consumer wants collector to cease communication.

49. Defendant is in violation of 15 U.S.C. §1692c(c) by refusing to grant Plaintiffs' requests to not send Plaintiffs documentation regarding the alleged debts, despite Plaintiffs' requests in Plaintiffs' cease and desist letters.

50. As a result of Defendant's violations of the FDCPA, Plaintiffs have been damaged and are entitled to damages in accordance with the FDCPA.

## SECOND COUNT

*Individually and on behalf of all others similarly situated*
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692d – preface**

51. Plaintiffs repeat, reiterate, and incorporate the allegations contained in all preceding paragraphs of this Complaint with the same force and effect as if the same were fully set forth at length herein.

52. 15 U.S.C. § 1692d – preface prohibits a debt collector from engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person.

53. Defendant is in violation of 15 U.S.C. §1692d – preface by refusing to grant Plaintiffs' requests to not send Plaintiffs documentation regarding the alleged debts, despite Plaintiffs' requests in Plaintiffs' cease and desist letters.

54. As a result of Defendant's violations of the FDCPA, Plaintiffs have been damaged and are entitled to damages in accordance with the FDCPA.

## THIRD COUNT

*Individually and on behalf of all others similarly situated*
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e - preface**

55. Plaintiffs repeat, reiterate, and incorporate the allegations contained in all preceding paragraphs of this Complaint with the same force and effect as if the same were fully set forth at length herein.

56. 15 U.S.C. § 1692e – preface prohibits a debt collector from using false, deceptive, or misleading representation or means in connection with a debt collection.

57. Defendant is in violation of 15 U.S.C. §1692e – preface by refusing to grant Plaintiffs' requests to not send Plaintiffs documentation regarding the alleged debts, despite Plaintiffs' requests in Plaintiffs' cease and desist letters.

58. As a result of Defendant's violations of the FDCPA, Plaintiffs have been damaged and are entitled to damages in accordance with the FDCPA.

## FOURTH COUNT

### *Individually and on behalf of all others similarly situated*
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e(10)

59. Plaintiffs repeat, reiterate, and incorporate the allegations contained in all preceding paragraphs of this Complaint with the same force and effect as if the same were fully set forth at length herein.

60. 15 U.S.C. § 1692e(10) prohibits a debt collector from making any false representation or deceptive means to collect a debt or obtain information about a consumer.

61. Defendant is in violation of 15 U.S.C. §1692e(10) by refusing to grant Plaintiffs' requests to not send Plaintiffs documentation regarding the alleged debts, despite Plaintiffs' requests in Plaintiffs' cease and desist letters.

62. As a result of Defendant's violations of the FDCPA, Plaintiffs have been damaged and are entitled to damages in accordance with the FDCPA.

## FIFTH COUNT

### *Individually and on behalf of all others similarly situated*
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692f – preface

63. Plaintiffs repeat, reiterate, and incorporate the allegations contained in all preceding paragraphs of this Complaint with the same force and effect as if the same were fully set forth at length herein.

64. 15 U.S.C. § 1692f – preface prohibits a debt collector from using any unfair or unconscionable actions in connection with the collection of a debt.

65. Defendant is in violation of 15 U.S.C. § 1692f – preface by refusing to grant Plaintiffs' requests to not send Plaintiffs documentation regarding the alleged debts, despite Plaintiffs' requests in Plaintiffs' cease and desist letters.

66. As a result of Defendant's violations of the FDCPA, Plaintiffs have been damaged and are entitled to damages in accordance with the FDCPA.

### DEMAND FOR TRIAL BY JURY

67. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment from Defendant as follows:

A. Awarding Plaintiffs and the Class statutory damages;

B. Awarding Plaintiffs and the Class costs of this Action, including reasonable attorneys' fees and expenses;

C. Awarding pre-judgment interest and post-judgment interest; and

11

D.  Awarding Plaintiffs and the Class such other and further relief as this Court may deem just and proper.

Dated: August 9, 2021

                                              Respectfully submitted,

                                              _____
                                              Subhan Tariq, Esq.
                                              The Tariq Law Firm, PLLC
                                              **Attorney for Plaintiffs**
                                              34-18 Northern Blvd – Suite 2-25
                                              Long Island City, NY 11101
                                              Telephone: (718) 674-1245
                                              Facsimile: (516) 453-0490
                                              Email: subhan@tariqlaw.com

## VERIFICATION

Jason Roman, being duly sworn, deposes and says:

I am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.

_____
Jason Roman, Plaintiff

Sworn to before me this 30th day of July, 2021

_____
Notary Public

CARLOS REGINO PEREZ
Notary Public, State of New York
No. 01PE6358757
Qualified in Queens County
Commission Expires May 15, 2025

## VERIFICATION

Faiza Ahmad, being duly sworn, deposes and says:

I am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.

_____ 8/6/21
Faiza Ahmad, Plaintiff

Sworn to before me this 6
day of August, 2021

EBONY NICOLE THOMAS
Lic. #01TH6300131
Notary Public-State of New York
Qualified in ERIE County
COMM. EXP. 3/31/2022

_____
Notary Public

## VERIFICATION

Mohammad N. Altaf, being duly sworn, deposes and says:

I am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.

_____
Mohammad N. Altaf, Plaintiff

Sworn to before me this 27th
day of July, 2021

_____
Notary Public

NADEEM KHAWAJA
Notary Public - State of New York
No. 01KH6100431
Qualified in Queens County
My Commission Expires October 20, 2023

## VERIFICATION

Alis Taveras, being duly sworn, deposes and says:

I am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.

_____
Alis Taveras, Plaintiff

Sworn to before me this 30th day of July 7/30, 2021

_____
Notary Public

CARLOS REGINO PEREZ
Notary Public, State of New York
No. 01PE6358757
Qualified in Queens County
Commission Expires May 15, 2025